UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES O'KEEFE III,<br><br>    Plaintiff,<br><br>    - against -<br><br>TWITTER, INC.,<br><br>    Defendant. | Case No. 21-cv-4240<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that Defendant Twitter, Inc. ("Twitter"), by and through its undersigned counsel, hereby removes the civil action *James O'Keefe III v. Twitter, Inc.*, Index No. 54926/2021, filed on April 19, 2021, in the Supreme Court of the State of New York, County of Westchester (the "Removed Action"), to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1332 and 1441. Copies of all process, pleadings, and orders in the Removed Action are attached—the Summons as Exhibit A, the Complaint as Exhibit B, and the Affidavit of Service as Exhibit C.

## PROCEDURAL BACKGROUND

1. On April 19, 2021, James O'Keefe III ("Plaintiff") filed the Removed Action against Twitter (the "Defendant") in the Supreme Court of the State of New York, asserting a claim of defamation. *See* Ex. B.

2. On April 22, 2021, Defendant was served with a Summons to answer the Complaint. *See* Ex. A; Ex. C.

3. As of this date, no further pleadings have been filed in the Removed Action and no further proceedings have been conducted in the Removed Action.

# GROUNDS FOR REMOVAL

4. Plaintiff's action is removable based on the presence of federal diversity jurisdiction. Diversity of citizenship exists where the parties in interest are citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Where these requirements are met, and no defendant is a citizen of the state in which the action is brought, removal is appropriate. 28 U.S.C. § 1441(b). This action meets these jurisdictional requirements.

5. *First*, the parties are completely diverse. Plaintiff admits in his Complaint that he is domiciled in the State of New York. Ex. B ¶ 8. Twitter is not a citizen of the State of New York but rather of Delaware and California. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Twitter is a United States corporation incorporated in the State of Delaware and has its principal place of business in San Francisco, California. Twitter's officers "direct, control, and coordinate the corporation's activities" in California. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (defining "principal place of business"). California is home to Twitter's headquarters—its "nerve center," and the "actual center of direction, control, and coordination" for the company. *Id*. at 93.[1]

---

[1] Although the Complaint asserts that Twitter has "*a* place of business at 245 West 17th Street in Manhattan," Ex. B ¶ 9 (emphasis added), Twitter's New York office does not create New York State citizenship for diversity jurisdiction purposes. *See Hertz Corp.*, 559 U.S. at 93 ("A corporation's 'nerve center,' usually its main headquarters, is a *single place*." (emphasis added)). California, not New York, houses Twitter's headquarters and nerve center. *See, e.g.*, *Evolutionary Intelligence, LLC v. Apple, Inc.*, 2013 WL 8360309, at *4 (E.D. Tex. Aug. 27, 2013) ("Twitter maintains its principal place of business in San Francisco, California."); *accord* Twitter, Inc. Form 10-K for the Period Ending Dec. 31, 2020 at 10, https://d18rn0p25nwr6d.cloudfront.net/ CIK-0001418091/6074f5a7-baba-42c7-8f28-31accf8f3e8e.pdf ("We were incorporated in Delaware in April 2007. Our principal executive offices are located at 1355 Market Street, Suite 900, San Francisco California 94103 . . . .").

6. Thus, Defendant is not a citizen of the same State as Plaintiff, and Defendant is not a citizen of the State in which the Removed Action was brought. Accordingly, at the time the Complaint was filed and at the time of removal, there was and is complete diversity of citizenship between Plaintiff and Defendant.

7. *Second*, this action is removable because the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a), 1441(b). Although the Complaint fails to quantify the specific damages Plaintiff seeks—resorting instead to a prose description of the several heads of damages Plaintiff intends to attempt to prove—removal is nonetheless proper because, based on the allegations, "it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000).

8. Specifically, Plaintiff alleges that Defendant's conduct was "extremely damaging to his reputation[,] imputes general disqualification to do his job as an investigative journalist," and "place[s] [him] in a false, misleading, and damaging light in the eyes of the public and of potential employers." Ex. B ¶¶ 66, 70. Given Plaintiff's indisputable status as an activist and public figure, there is at least a reasonable probability that he will seek hundreds of thousands of dollars (if not more) for the alleged "extreme[] damag[e] to his reputation"—a reputation he claims to be critical to his profession. *Id.* ¶ 70; *see also Burns v. King*, 160 F. App'x 108, 110 (2d Cir. 2005) (amount-in-controversy satisfied where plaintiff alleged damages in defamation action for "harm to her reputation in the community" and "loss of earnings and prospective economic injury"); *Kogan v. Facebook, Inc.*, 334 F.R.D. 393, 396 (S.D.N.Y. 2020) (removal appropriate where complaint, silent on the amount in controversy, sought compensatory and punitive damages and injunctive relief for conduct by major social media company that allegedly

caused significant harm to plaintiff's business, trade, and profession; business interests; and prospects).

9. Plaintiff's expansive prayer for relief confirms he seeks far beyond $75,000 in this action. He prays for general, special, compensatory, punitive, and exemplary damages, and injunctive relief. *See* Ex. B, Prayer for Relief. In addition to the likely high sum he seeks to compensate his alleged loss of reputation, it is reasonably probable that the "punitive" and "exemplary" damages he intends to claim entitlement to will be significant. *See Peoples Club of Nigeria Int'l, Inc. v. Peoples Club of Nigeria Int'l – New York Branch, Inc.*, 821 F. App'x 32, 35 (2d Cir. 2020) ("[I]f punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied." (quoting *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991))). Twitter is a large company with substantial sums in revenue and assets. Plaintiff is likely to argue that, in light of Twitter's size and stature, only substantial punitive and exemplary damages will suffice to both punish the company and deter comparable (alleged) misconduct by Twitter and similarly situated companies in the future.[2]

10. The value of the injunctive relief Plaintiff seeks also exceeds the jurisdictional threshold. The value of a sought injunction "is measured from the plaintiff's viewpoint" and "is generally assessed with reference to the right he seeks to protect and measured by the extent of the impairment to be prevented by the injunction." *Maxons Restorations, Inc. v. Newman*, 292 F.

---

[2] Plaintiff has also made clear in public comments that he seeks through this lawsuit no less than a public accounting of Defendant—a goal clearly of great value to him. *See* Fox News, *James O'Keefe To Sue Twitter for Defamation After Receiving Ban* (Apr. 15, 2021), https://www.foxnews.com/media/james-okeefe-twitter-defamation-project-veritas ("[N]ow we're going to go ahead and sue Twitter . . . . There are fundamental principles here we have to fight for, and I am confident we're going to create an army of people that are going to follow in our footsteps . . . ."); Fox News, *James O'Keefe Suing Twitter for Defamation in New York* (Apr. 25, 2021), https://video.foxnews.com/v/6250357263001#sp=show-clips ("Every day in this country, people are defamed and lied about constantly, and they don't have the will, the money, the resources to fight back. So [this lawsuit] is going to be the tip of that spear.").

Supp. 2d 477, 482 (S.D.N.Y. 2003) (quoting *A.F.A. Tours, Inc.*, 937 F.2d at 87–88). Plaintiff seeks "a permanent injunction enjoining Twitter . . . from further dissemin[at]ing the false, misleading, and defamatory representations of fact concerning Mr. O'Keefe . . . , and requiring Twitter to remove such statements in all forums in which they are posted." Ex. B, Prayer for Relief, ¶ D. Given the value Plaintiff places on his alleged reputation and given that he claims Twitter's alleged "representations of fact concerning Mr. O'Keefe" caused him reputational and professional harm, the injunction Plaintiff seeks will be of substantial value to him. *Id*.

11. Thus, despite the Complaint's failure to specify the value of the damages Plaintiff seeks, it is clear that the amount in controversy in this action well exceeds $75,000.

## COMPLIANCE WITH REMOVAL PROCEDURES

12. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Southern District of New York is the proper place to file this Notice of Removal because it is the district court for the federal district embracing the place where the Removed Action was filed and is pending.

13. As required by 28 U.S.C. § 1446(a), copies of all of the process, pleadings, and orders filed in the Removed Action are attached to this Notice of Removal as Exhibits A, B, and C.

14. This Notice of Removal is timely under 28 U.S.C. § 1446(b). Plaintiff received, "through service," a "copy of the initial pleading" on April 22, 2021—less than 30 days ago. *See id.* § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ."); *see also* Ex. C (Affidavit of Service).

15. In accordance with 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal in this Court, Twitter will (i) give written notice thereof to Plaintiff; and (ii) file a copy of this Notice of Removal with the Clerk of the Supreme Court of New York, County of Westchester, effectuating the removal. Twitter will promptly file proof of the foregoing with this Court.

16. By filing this Notice of Removal, Twitter does not waive any claim, argument, or defense which may be available to it, including objections to personal jurisdiction, nor does Twitter concede that Plaintiff has pleaded any claim upon which relief may be granted.

17. Twitter reserves the right to amend or supplement this Notice as may be appropriate.

## CONCLUSION

18. For the foregoing reasons, the Removed Action is hereby removed to the United States District Court for the Southern District of New York. Twitter respectfully requests that the Court enter such orders and grant such other and further relief as may be necessary to effectuate the removal.

Dated: New York, New York
May 12, 2021

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Zainab Ahmad*
Zainab Ahmad
Amer S. Ahmed
Lee R. Crain
200 Park Avenue, 47th Floor
New York, New York 10166
Tel.: (212) 351-4000
Fax: (212) 351-4035
zahmad@gibsondunn.com
aahmed@gibsondunn.com
lcrain@gibsondunn.com

*Attorneys for Defendant Twitter, Inc.*