

RCOLEMAN@DHILLONLAW.COM
ADMITTED IN NEW JERSEY AND NEW YORK

June 8, 2021

**BY ECF**

Hon. Gregory H. Woods, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *James O'Keefe III v. Twitter, Inc.*
               <u>1:21-cv-04240-GHW-BCM</u>

Dear Judge Woods:

    We represent plaintiff James O'Keefe and write concerning defendant Twitter's removal of this to this Court. Because the assertion of diversity jurisdiction set forth in Twitter's Notice of Removal appears unsupportable, we write to request a pre-motion conference pursuant to Your Honor's rules to discuss a motion for remand.

    On Friday, June 4th we wrote to Twitter's counsel and observed that under Magistrate Judge Moses' civil practice rules, "All parties should be prepared to discuss at the initial pretrial conference any pending or anticipated motions as well as the basis for subject matter jurisdiction." In anticipation of that discussion, our letter observed that Paragraph 8 of Twitter's notice of removal relies on several case citations as authority for the proposition that a claim for reputational damages necessarily implies a prayer for money damages exceeding $75,000. But the cases cited by Twitter do not support this assertion.

    In the primary case Twitter cites, *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291 (2d Cir. 2000), the Court noted that – unlike here – "the plaintiffs' state complaint did not

specify the particular amount of damages sought; its *ad damnum* clause . . . [but] requested that plaintiffs recover 'the damages determined to have been sustained by each of them,' together with an unspecified sum of punitive damages." *Id.* at 296. Even then, the Second Circuit did not find that jurisdiction appeared from the pleadings but remanded for further proceedings.

In contrast, the Complaint in this case makes **no claim for actual damages** arising from lost income or other reputational damages. And while punitive damages may, in general, be counted toward the jurisdictional threshold, courts "will consider those punitive damages with heightened scrutiny," *Nwanza v. Time, Inc.*, 125 Fed. Appx. 346, 349 (2d Cir. 2005), based on the applicable substantive law. And New York law does **not** support the award of punitive damages for defamation in the absence of actual damages, regardless of amount. See, *Richards v. Constr. & Gen. Bldg. Laborers Loc. 79*, 25 Misc. 3d 1212(A), 901 N.Y.S.2d 910 (Sup. Ct. 2009).

The other cases cited in Twitter's Notice of Removal are also inapposite. In *Burns v. King*, 160 F. App'x 108, 111 (2d Cir. 2005), as Twitter acknowledges in the Notice, the allegation of damages exceeding the jurisdiction minimum was set forth in the complaint itself. Again, that is not so here. As for *Kogan v. Facebook, Inc.*, 334 F.R.D. 393, 397 (S.D.N.Y. 2020), also cited in the Notice of Removal, that decision says nothing about whether removal in that case was "appropriate" or not.

For these reasons, it does not appear that the diversity jurisdictional minimum is met based on the Complaint's allegations, which is what the law requires. We requested, in our June 4th letter to Twitter's counsel, that Twitter respond by today's date to allow time for a pre-motion letter request to Your Honor in connection with a motion to remand. Twitter did respond today, but only to say that it would discuss the issue with its client, and to make it clear that its response did not constitute an acknowledgment of Mr. O'Keefe's assertions about jurisdiction.

It was Twitter's burden, however, to determine the proprietary of removal **before** it filed its Notice. In the absence of a prompt substantive engagement by Twitter of the points raised above even four days after we raised them, Mr. O'Keefe submits this request for a prompt pre-motion conference concerning subject matter jurisdiction.

Respectfully submitted,

Ronald D. Coleman