**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Zainab N. Ahmad
Direct: +1 212.351.2609
Fax: +1 212.817.9500
ZAhmad@gibsondunn.com

June 11, 2021

VIA ELECTRONIC FILING

The Honorable Barbara Moses
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 740
New York, New York 10007

Re:   *James O'Keefe III v. Twitter, Inc.*, No. 21-cv-4240 (GHW)

Dear Judge Moses:

As counsel to Defendant Twitter, Inc. in the above-captioned action, we write in response to Plaintiff James O'Keefe III's June 8, 2021 letter requesting a pre-motion conference concerning a potential motion for remand.  *See* ECF No. 15.  While the Court has already scheduled a conference for June 16, 2021 to address Plaintiff's request, Twitter respectfully requests that the Court enter a briefing schedule for any motion to remand, in order to fully air the issues regarding the existence of subject-matter jurisdiction.  As Twitter will demonstrate in its briefing, there is no basis to remand:  Diversity jurisdiction exists because (i) there is complete diversity of citizenship among the parties, and (ii) the Complaint, fairly read, establishes that the amount in controversy exceeds $75,000.  *See* ECF No. 1 (Notice of Removal) ¶¶ 4–11.  Plaintiff's arguments to the contrary ignore, if not contradict, the allegations in the Complaint, *see* ECF No. 1, Ex. B ("Compl."), and the relief it seeks.  This Court should enter a briefing schedule on Plaintiff's contemplated motion and, following briefing, deny the motion in full.[1]

Plaintiff is an activist and self-described "investigative journalist" who used Twitter to publicize his activities.  Compl. ¶ 1.  As of early 2021, over 926,000 Twitter users followed his Twitter account.  *Id.*  O'Keefe's mission is allegedly "to investigate and expose corruption, dishonesty, self-dealing, waste, fraud, and other misconduct in both public and private institutions."  *Id.* ¶ 10.  According to O'Keefe, his professional "reputation depends on his ethical and transparent conduct and his production of reliable and accurate news reporting."  *Id.* ¶ 3.  O'Keefe claims that on April 15, 2021, Twitter called his reputation for accurate journalism into doubt when it terminated his account (*see id.* ¶ 24) and explained that it was doing so because he had violated Twitter's policies against "operat[ing] fake accounts" on the platform (*see id.* ¶ 4).  He alleges that the "false claim that O'Keefe used 'fake accounts' on

---

[1] Twitter expressly reserves the right to contest personal jurisdiction in a motion to dismiss under Federal Rule of Civil Procedure 12, and does not waive that right or in any way consent to personal jurisdiction by filing this letter or participating in the pre-motion conference proceedings.

**GIBSON DUNN**

The Honorable Barbara Moses
June 11, 2021
Page 2

Twitter . . . caused [him] damage and, unless retracted, will continue to cause him damage." *Id*. ¶ 7.

On April 19, 2021, O'Keefe filed this action in New York Supreme Court, alleging one count of defamation against Twitter. *Id*. ¶¶ 57–71. He brings no claim for defamation per se. His prayer for relief seeks "general, special, and compensatory damages"; "punitive and exemplary damages"; and "a permanent injunction enjoining Twitter, its officers, agents, servants, employees, and all other persons acting in concert or participation with Twitter from further disseminating [sic] the false, misleading, and defamatory representations of fact concerning O'Keefe discussed above, and requiring Twitter to remove such statements in all forums in which they are posted." *Id*. at Prayer for Relief ¶¶ B–D. On May 12, 2021, Twitter removed this action. *See* ECF No. 1 (Notice of Removal).

As Twitter will show, removal was warranted because this Court has diversity jurisdiction for two reasons. *First*, the parties are completely diverse under 28 U.S.C. § 1332—a fact that O'Keefe does not now appear to contest. Twitter is a citizen of California and Delaware; O'Keefe is a citizen of New York. *See id*. ¶¶ 4–6. *Second*, Twitter has "'demonstrated to a reasonable probability' that the amount in controversy exceeds $75,000." *Pinson v. Knoll, Inc.*, 2007 WL 1771554, at *4 (S.D.N.Y. June 18, 2007) (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)).[2] In fact, this Court has no fewer than three grounds on which to conclude that the amount in controversy is met here:

**1. General, Special, and Compensatory Damages.** The Complaint broadly demands "general, special, and compensatory damages," Compl., Prayer For Relief ¶ B, to remedy the alleged damage done to O'Keefe's "reputation for transparency and accurate reporting," *id*. ¶ 37. O'Keefe alleges that reputation is "*fundamental* to his profession." *Id*. (emphasis added). Given his indisputable standing as an activist and public figure, there is at least a reasonable probability O'Keefe will seek well over $75,000 from Twitter to remedy—in his words—the "extreme[] damag[e] to his reputation" its statement caused, which "reputation" he repeatedly alleges is "fundamental" to his work. *Id*. ¶¶ 37, 70.[3] Recent jury awards for defamation

---

[2] O'Keefe's attempts to distinguish *Mehlenbacher* fall flat. Courts have repeatedly cited *Mehlenbacher* for the rule that removal is proper if, based on the pleadings, "it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount," 216 F.3d at 296. *See Pinson*, 2007 WL 1771554, at *4 (denying motion for remand); *Sunni, LLC v. Edible Arrangements, Inc.*, 2014 WL 1226210, at *8 (S.D.N.Y. Mar. 25, 2014) (same).

[3] The Complaint asserts a bevy of alleged harms, including that Twitter's conduct: was "inten[ded] to injure O'Keefe's good name and reputation"; "impute[d] general disqualification to do his job as an investigative journalist"; "placed [him] in a false, misleading, and damaging light in the eyes of the public and of potential employers"; "subject[ed] O'Keefe to hatred, contempt, and ridicule"; and "diminish[ed] the esteem, respect, goodwill, or confidence in which O'Keefe is held." ECF No. 1, Ex. B (Compl.) ¶¶ 64, 66, 67, 70.

**GIBSON DUNN**

The Honorable Barbara Moses
June 11, 2021
Page 3

corroborate that the magnitude of damages Plaintiff could reasonably be expected to seek exceeds the jurisdictional minimum. *See, e.g.*, *Bouveng v. NYG Capital LLC*, 175 F. Supp. 3d 280, 347 (S.D.N.Y. 2016) ($1.5 million in compensatory damages appropriate for reputational harm arising from defamatory statement).

**2. Punitive Damages.** It is also reasonably probable that the "punitive" and "exemplary" damages O'Keefe separately seeks could *add*, at a minimum, tens of thousands of dollars to whatever he might recover as compensatory damages. Plaintiff has made clear in public interviews that he seeks, through this very lawsuit, a public accounting of Twitter. *See* ECF No. 1 at 4 n.2. In light of that admission, it stands to reason that O'Keefe will argue that, given Twitter's substantial revenue and assets, only substantial punitive and exemplary damages will suffice to punish the company and deter similar conduct. Because "punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied." *Peoples Club of Nigeria Int'l, Inc. v. Peoples Club of Nigeria Int'l – New York Branch, Inc.*, 821 F. App'x 32, 35 (2d Cir. 2020) (citation omitted); *see also Bouveng*, 175 F. Supp. 3d at 351 (finding $1 million punitive damages award against one defendant appropriate and remitting punitive damages awarded against two other defendants to $3 million in defamation jury trial).

**3. Injunctive Relief.** Even setting aside O'Keefe's sweeping damages allegations, the injunctive relief he seeks alone exceeds the jurisdictional threshold. The value of an injunction "is measured from the plaintiff's viewpoint" and "is generally . . . measured by the extent of the impairment to be prevented by the injunction." *Maxons Restorations, Inc. v. Newman*, 292 F. Supp. 2d 477, 482 (S.D.N.Y. 2003) (citation omitted). O'Keefe seeks "a permanent injunction enjoining Twitter . . . from further dissemining [sic] the false, misleading, and defamatory representations of fact concerning O'Keefe . . . and requiring Twitter to remove such statements in all forums in which they are posted." Compl. at Prayer for Relief ¶ D. Given the value O'Keefe apparently places on his alleged reputation and given that he claims Twitter's alleged "representations of fact concerning [him]" caused "fundamental" reputational and professional harm, the injunction he seeks is no doubt of substantial value to him. *See id*. ¶ 37 & Prayer for Relief ¶ D.

O'Keefe's arguments in support of remand are specious. O'Keefe's pre-motion letter ignores the core reputational damages allegations that permeate the Complaint and Sections B–D of its Prayer for Relief. O'Keefe insists, for instance, that the Complaint "makes **no claim for actual damages** arising from lost income or other reputational damages." ECF No. 15 at 2 (bolding in original). That assertion is belied in black and white. The Complaint seeks "general, special, and compensatory damages" to redress the alleged reputational harm that Twitter's statement caused O'Keefe and his brand. Compl. at Prayer for Relief ¶ B. It is difficult, if not impossible, to imagine what other "damages" O'Keefe is seeking in paragraph

GIBSON DUNN

The Honorable Barbara Moses
June 11, 2021
Page 4

B of the Prayer for Relief—particularly where the defamation Count culminates with the allegation that Twitter's statement was "extremely damaging to his reputation" *Id*. ¶ 8, 70. Similarly, O'Keefe's contention that the Court should now disregard his demand for punitive damages is entitled to no weight in the face of the Complaint's prayer for "punitive" and "exemplary" damages.[4]  *Id*. at Prayer for Relief ¶ C.  And O'Keefe does not even attempt to explain why the curative injunction he seeks requiring Twitter to "remove" its statements from various forums is not worth at least $75,000 to him.  Plaintiffs may be masters of their complaints, but they do not have the right to ignore inconvenient allegations when it comes to evaluating the true nature of the claims and relief they seek.

The arguments referenced in this letter are merely a preview of the responsive points Twitter intends to raise should Plaintiff move to remand.  Twitter asks that at next week's pre-motion conference Plaintiff explain precisely what damages the Complaint does purport to seek.  If Plaintiff now wants to disclaim all "general, special, [] compensatory," "punitive," and "exemplary" damages (*id*. at Prayer for Relief ¶¶ B, C)—as his letter suggests—he must make that clear ***and withdraw his Complaint***.  In any event, notwithstanding the divergence between the damages the Complaint seeks and Plaintiff's letter belatedly disclaiming them, Twitter is (and was) entitled to rely on the Complaint's allegations when it properly removed the case.  We thank the Court for its consideration of this matter and look forward to discussing these issues further next week.

Respectfully submitted,

/s/ *Zainab N. Ahmad*

Zainab N. Ahmad

CC:     All counsel of record

---

[4]  O'Keefe's own case debunks the nonexistent rule that "New York law does **not** support the award of punitive damages for defamation in the absence of actual damages, regardless of amount."  ECF No. 15 at 2 (citing *Richards v. Constr. & Gen. Bldg. Laborers Loc. 79*, 2009 WL 3234157 (Sup. Ct. 2009) (emphasis in original).  Rather, as *Richards* explains, "a defamed party in a labor dispute"—not this case—"is not entitled to punitive damages absent a showing of either actual or special damages."  2009 WL 3234157 at *9.  But O'Keefe does claim both "special" damages and "actual" damages.  Compl. at Prayer for Relief ¶¶ B, C.  As his own authority explains, "actual damages" include the "economic loss" and "injury to reputation," 25 Misc. 3d 1212(A), he claims he suffered, Compl. ¶ 70 (alleging "extrem[e] damage" to Plaintiff's reputation).