# Exhibit A

**Crain, Lee R.**

| | |
|---|---|
| **From:** | Harmeet K. Dhillon (DhillonLaw) <harmeet@dhillonlaw.com> |
| **Sent:** | Tuesday, June 22, 2021 2:51 PM |
| **To:** | Crain, Lee R.; Ronald Coleman (Dhillon Law) |
| **Cc:** | jkelton@abramslaw.com; Karin Sweigart (Dhillon Law); Ahmad, Zainab; Ahmed, Amer S. |
| **Subject:** | RE: O'Keefe v. Twitter |

[External Email]
Lee:

Ron is in a deposition today, and so I'm responding on our behalf to your email late last night.

We reviewed your submission and proposed stipulation. We see no need to clutter the docket or waste the court's time with further filings in this matter, including a superfluous stipulation on matters including fees and costs waivers, not properly the subject of such a stipulation. To recap:

- Our complaint states no basis for diversity jurisdiction. Your removal was without basis.
- Counsel for the plaintiff, my partner Ron Coleman, represented to the court last week that our client would not seek monetary damages of or exceeding $75,000.
- In response to your letter, we reiterated the above to the court and reserved our right to seek damages only *under* $75,000, and non-monetary relief.
- All of our representations to the court, directly, are of course binding upon our client as we are officers of the court and make these representations on behalf of our client.

It cannot be clearer, on the record, that the SDNY has no subject matter jurisdiction over this case. This isn't subject to negotiation between the parties. Either the court has jurisdiction, or it does not. It is already clear to all concerned, based on both filings and oral representations in open court, that it does not.

If you continue to oppose remand, despite the very clear record made in before the court, please state your basis. If we are forced to make a motion, we will seek our fees and costs.

Do we need to make a motion? It is clear from the court's rules that the purpose of the pre-hearing conference is to avoid unnecessary motion practice. Here, it is been made clear not once, not twice – but three times – that removal was without basis, and remand is required as the court has no jurisdiction. Motion practice under these circumstances would be wasteful of the court's time and the parties' resources.

We look forward to your response.

Regards,
Harmeet

**Harmeet K. Dhillon, Esq.**
Partner | Dhillon Law Group Inc.

1

177 Post Street, Suite 700 | San Francisco, CA 94108
Phone: 415.433.1700 | Direct: 415.682.6843 | Fax: 415.520.6593
www.dhillonlaw.com

**Admitted to practice law in California and New York**

**This email may be an attorney client privileged communication. If you received it in error, please destroy it and inform the sender.**



**From:** Crain, Lee R. <LCrain@gibsondunn.com>
**Sent:** Monday, June 21, 2021 6:54 PM
**To:** Ronald Coleman (Dhillon Law) <rcoleman@dhillonlaw.com>
**Cc:** Harmeet K. Dhillon (DhillonLaw) <harmeet@dhillonlaw.com>; jkelton@abramslaw.com; Karin Sweigart (Dhillon Law) <KSweigart@dhillonlaw.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>; Ahmed, Amer S. <AAhmed@gibsondunn.com>
**Subject:** O'Keefe v. Twitter

Ron – we received your letter to the Court, which did not mention our letter or proposed stipulation filed Friday.  As the substance stated in your letter is indistinguishable from what was set forth in the stipulation, please tell us whether you are authorized to sign the stipulation so that we can inform the Court of your position.  We are happy to consider proposed edits.

Regards,

**Lee Crain**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2454 • Fax +1 212.817.9454
LCrain@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.